Dynamic Balance Acupuncture, P.C., as Assignee of Baldemar Prieto, Margaret Gonzalez, Domitila Rodriguez and Mabel Castillo, Respondent,
against
State Farm Insurance, Appellant.




Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered March 9, 2016. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). In an order entered March 9, 2016, the Civil Court denied the motion, but found, in effect pursuant to CPLR 3212 (g), that defendant had established the timely and proper mailing of the EUO scheduling letters and the denial of claim forms, as well as plaintiff's failure to appear for the EUOs. The Civil Court further found that the only remaining issues for trial were the location of the generation of defendant's EUO letters and matters relating to the reasonableness of its EUO requests. Defendant appeals from so much of the order as denied its motion for summary judgment dismissing the complaint.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the ground that a provider had failed to appear for an EUO, an insurer must demonstrate, as a matter of law, that it had twice duly demanded an EUO from the provider, that the provider had twice failed to appear, and that the insurer had issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; Integrative Pain Medicine, P.C. v Praetorian Ins. Co., 53 Misc 3d 140[A], 2016 NY Slip Op 51520[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016])—all elements that the Civil Court found to have been established pursuant to CPLR 3212 (g).
Plaintiff does not argue that defendant did not demonstrate its prima facie case. Rather, plaintiff argues that defendant's EUO requests were unreasonable, in that defendant did not [*2]respond to plaintiff's letter demanding that defendant provide its good faith reasons for requesting plaintiff's EUO. However, as plaintiff failed to submit proof that it had mailed such a letter, its argument lacks any basis (see e.g. Professional Health Imaging, P.C. v State Farm Mut. Aut. Ins. Co., 52 Misc 3d 132[A], 2016 NY Slip Op 50997[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). In any event, defendant would not have been required to provide the reason for its demand in response to an objection from plaintiff (see Flow Chiropractic, P.C. v Travelers Home & Mar. Ins. Co.,44 Misc 3d 132[A], 2014 NY Slip Op 51142[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Plaintiff's remaining contentions are without merit.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 08, 2019